```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

Glenn Arthur Prior            :
       Petitioner,            :
                              :
       v.                     :       File No. 1:08-CV-139
                              :
Robert Hofmann,               :
       Respondent.            :

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
            (Papers 4, 8, 10, 11 and 13)

Petition Glenn Prior, proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He currently has a state court collateral proceeding pending before the Vermont Supreme Court. Consequently, the respondent has moved to dismiss for failure to exhaust state court remedies. For the reasons set forth below, I recommend that the motion to dismiss be GRANTED and this case be DISMISSED without prejudice.[1]

### Factual Background

In February 2005, Prior was charged with violating a relief from abuse order. The first two counts involved his wife. Count three alleged that he had tried to contact his

---

[1] Although this is Prior's second § 2254 petition, it appears from the filings that the current petition pertains to a different conviction. See Prior v. Hofmann, 2007 WL 2973245, at *1 (Vt. Oct. 9, 2007).

children by going to their school to give them lunch money. The case went to trial, and Prior was acquitted on the two counts involving his wife, but convicted on the count involving his children. His attorney at trial was Eileen Hongisto, Esq.

In August 2005, Prior was again charged with violating an abuse prevention order. One of the charges involved his attempt to send mail to his children. His attorney, William Kraham, Esq., filed a motion to dismiss arguing that the abuse prevention order did not prohibit indirect contact. The state court granted the motion and the charge was dismissed. The State did not appeal.

Prior subsequently filed a post-conviction relief motion in state court, claiming that Attorney Hongisto should have filed a similar motion to dismiss in the first case. The petition was denied in the Superior Court, and Prior appealed to the Vermont Supreme Court. That appeal is currently pending.

While Prior concedes that his appeal is pending in state court, his § 2254 petition asks the Court to appoint him counsel in the state court proceeding. The petition alleges that Prior has not heard from an attorney with

respect to his appeal, and asks that Attorney Kraham be appointed to represent him. (Paper 4 at 9). In a more recent filing, Prior informs the Court that he has now been contacted by the attorney who will represent him on appeal, but that he is dissatisfied with the progress in his case. (Paper 13).

## Discussion

It is clear from the parties' filings that, to the extent Prior is seeking to challenge his conviction on the basis of ineffective trial counsel, his state court remedies are unexhausted. "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see 28 U.S.C. § 2254(b)(1)(A). The Supreme Court has held that:

> [b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan, 526 U.S. at 845; accord Smith v. Duncan, 411 F.3d 340, 347 (2d Cir. 2005). Thus, a petitioner is required to have presented each claim to all available

3

levels of the state courts.  See, e.g., Baldwin v. Reese, 541 U.S. 27, 29 (2004).  Because it is undisputed that Prior's ineffective assistance claim is still pending before the Vermont Supreme Court, his state court remedies on that issue have not been exhausted.

If Prior is asking this Court to intervene in his state court collateral proceeding and appoint counsel, his request goes beyond this Court's jurisdiction.  A federal court generally has no jurisdiction to compel a state court to take specific action.  See, e.g., Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) (citations omitted); Hernandez v. United States Attorney General, 689 F.2d 915, 917 (10th Cir. 1982).  Moreover, Prior has no right to counsel in a collateral proceeding, and therefore cannot seek habeas relief based upon her performance.  See Coleman v. Thompson, 501 U.S. 722, 752 (1991); Murden v. Artuz, 497 F.3d 178, 194 (2d Cir. 2007).

Since Prior may ultimately wish to bring a § 2254 challenge to his underlying conviction, but has not yet exhausted his state court remedies, I recommend that his petition be DENIED and that this case be DISMISSED without prejudice.

## Conclusion

For the reasons set forth above, I recommend that the respondent's motions to dismiss (Papers 8 and 11) be GRANTED, and that Prior's petition for writ of habeas corpus (Paper 4) be DENIED. All other pending motions, including the respondent's motion for extension of time (Paper 8) and Prior's motions to expedite (Paper 10) and to appoint counsel (Paper 13), should be DENIED as moot. I further recommend that the case be DISMISSED without prejudice.

Dated at Burlington, in the District of Vermont, this 18th day of November, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).